The judgment will be reversed, and the cause remanded.

---

## LUCK v. STATE. (No. 10656.)

(Court of Criminal Appeals of Texas. Feb. 9, 1927.)

**Criminal law ⬅1020—Court of Criminal Appeals held without jurisdiction of appeal from conviction in county court imposing a fine of $85 (Code Cr. Proc. 1925, art. 53).**

Defendant, convicted of drunkenness in public place and fined $75 in justice court, who, on appeal to county court and trial de novo was fined $85, could not appeal to Court of Criminal Appeals, in view of Code Cr. Proc. 1925, art. 53, providing jurisdiction of Court of Criminal Appeals should not embrace any case appealed from any inferior court to county court, in which fine imposed by county court did not exceed $100.

Appeal from Somervell County Court; J. H. Adams, Judge.

Bernice Luck was convicted of drunkenness in a public place, and appeals. Appeal dismissed.

Chrisman & Chrisman, of Cleburne, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. Drunkenness in a public place is the offense; punishment fixed at a fine of $85.

Appellant was tried in the justice court and convicted, the jury assessing against him a fine of $75. On appeal to the county court and trial de movo he was again convicted and his punishment fixed at a fine of $85. His appeal to this court is unauthorized by reason of article 53, C. C. P. 1925, which reads thus:

"The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the state in all criminal cases. This article shall not be construed as to embrace any case which has been appealed from any inferior court to the county court or county court at

law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars."

See, also, Verga v. State, 103 Tex. Cr. R. 115, 280 S. W. 776.

The appeal is dismissed.